143 So. 707

**STATE v. MOORE.**

No. 31907.

July 20, 1932.

Rehearing Denied Oct. 4, 1932.

Edward M. Heath, of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for appellee George Montgomery, state tax collector for Parish of Orleans.

**ST. PAUL, J.**

The state tax collector obtained judgment against the defendant for certain licenses (occupational taxes), and defendant appealed to the Court of Appeal. That court rendered judgment on March 7, 1932, as follows:

"In view of the provisions of Act No. 19 of 1912, it is ordered, adjudged, and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; defendant and appellant to pay the costs of appeal

in this court, the remaining costs to await final determination of the matter." See 19 La. App. 364, 140 So. 516.

The defendant did not apply for a rehearing.

His appeal was lodged in this court on June 2, 1932; and the appellee moves to dismiss it as filed too late.

Act No. 16 of 1910 (p. 28) provides that judgments rendered by the Courts of Appeal, on appeals coming to them from the district courts, shall become final and executory on the fifteenth calendar day after rendition, whether in term time or in vacation; provided that, in the interval, parties in interest may apply for a rehearing, which may be disposed of at chambers.

The Constitution (Const. 1921, art. 7, § 11) provides that the right of this court to issue certiorari to the Court of Appeal shall in no case be exercised unless applied for "within thirty days after a rehearing shall have been refused by the Court of Appeal"; during which delay, and until this court have acted on such application, the judgment of the Court of Appeal shall not become executory.

So that, however it might have been under the Constitution of 1898 (article 101) and Act No. 191 of 1898, passed in pursuance thereof, it is now clear that an application to the Court of Appeal, and a refusal by that court to grant such rehearing, are conditions precedent to the exercise by this court of its right to issue certiorari to review a judgment of that court.

Hence when no application for a rehearing has been made to the Court of Appeal, the right to apply to this court for certiorari is forever lost, and the provisions of Act No. 16 of 1910 remain unaffected by any provision of the Constitution.

As the appellant did not apply for a rehearing in the Court of Appeal, the judgment of that court became final fifteen days after rendition, to wit, on March 22, 1932, and the sixty days thereafter expired on May 21, 1932. It was therefore too late to file the appeal in this court thereafter.

### Decree.

For the reasons assigned the appeal is dismissed.

O'NIELL, C. J., concurs in the result, but is of the opinion that the Court of Appeal, being without jurisdiction, could not impose any limitation upon the right of the appellant to bring his appeal to the Supreme Court, and that he may yet bring his appeal here, within the time prescribed by law for bringing an appeal directly from the court of original jurisdiction to the Supreme Court.